■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID BOWERS, Appellant.—Appeal from a judgment of the County Court of Chenango County, rendered August 1, 1975, convicting defendant on his plea of guilty of the crime of criminal possession of a controlled substance in the seventh degree. Following the denial of his motion to suppress the use of marijuana obtained from his person as evidence against him, the defendant pleaded guilty to a reduced charge involving the possession of that substance as hereinabove mentioned. His sole contention on this appeal is that the trial court erred in concluding that this evidence was properly seized as the result of an incidental search of his person, assertedly because the warrantless arrest which preceded that search was itself invalid as not founded on sufficient probable cause. We reject this argument for the record reveals that the investigating police officers possessed information of sufficient reliability to authorize and justify defendant's arrest. They acted upon the firsthand account of an informer who gave them a sample of purported marijuana which he maintained he had just received as a gift from the defendant a short distance from the police station. The officers smelled this sample and, believing it to be marijuana, immediately went to where their informer said he had obtained this substance and there found and arrested the defendant. Under his belt where their informer had said it was located, they discovered the balance of the contraband. The identity of this informer was disclosed and, while his general credibility might be questioned, he was not an anonymous tipster, but one whose specific reliability in this instance was promptly verified by a limited test of his sample and by action which

corroborated and tallied with his statement of how it had been obtained. It should not be overlooked that in turning over his "gift", the informer was undoubtedly aware that this is exactly what the police were likely to do and that the officers would certainly call him to account for any falsity in naming the defendant, who was apparently known by them, as the party from whom he had received it. The information possessed by the police and the circumstances under which it was received furnished probable cause for defendant's arrest *(People v Perel,* 34 NY2d 462). Judgment affirmed. Herlihy, P. J., Sweeney, Kane, Koreman and Larkin, JJ., concur.